**Mary DILDA et al., Plaintiffs-Appellants,**

v.

**Arthur QUERN, Director, Illinois Department of Public Aid, Defendant-Appellee.**

**No. 79–1340.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 26, 1979.

Decided Jan. 17, 1980.

David S. Mejia, Cook County Legal Assistance, Maywood, Ill., for plaintiffs-appellants.

Ellen P. Brewin, Special Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before SWYGERT, Circuit Judge, WISDOM, Senior Circuit Judge,[1] and TONE, Circuit Judge.

PER CURIAM.

The sole issue presented by this appeal is whether the district court erred in holding that a form of notice proposed by the Illinois Department of Public Aid adequately details the basis for a reduction or cancellation of benefits to persons participating in the Aid of Families with Dependent Children Program. Because the notice fails to meet the demands of procedural due process, we reverse.

I

This case was brought by a welfare recipient in her own behalf and for a representative class challenging the practice of the Illinois Department of Public Aid ("Department") of reducing or cancelling benefits under Title IV of the Social Security Act, 42 U.S.C. §§ 601 et seq., through "rebudgeting" without notifying the recipients of the method by which the revised reduction or cancellation was calculated.

AFDC benefits are determined on the basis of family size and income, less certain

1. The Honorable John Minor Wisdom, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

expenses and deductions. Plaintiff Dilda is an AFDC recipient whose benefits were reduced by the Department. She was informed of the reduction when the Department mailed her a form notice which stated: "The Resource Consultant has re-budgeted your income and the appropriate change has been made." The calculations which the Department used in redetermining plaintiff's grant were not included in the notice.

The district court granted summary judgment in favor of the plaintiffs, finding the Department's notice inadequate under the Due Process Clause for failing to include "an explanation of how and why the plaintiff's AFDC grant was recomputed. . ." The Department was ordered to furnish plaintiffs and the court with a form of notice which provided a "breakdown of income and deductions so that the recipients could determine the accuracy of the computations," *citing Banks v. Trainor*, 525 F.2d 837, 842 (7th Cir. 1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976). The district court enjoined the Department from cancelling or reducing benefits to the class until they received such notice.

Pursuant to the court's order the Department filed with the district court a proposed notice of the reasons for cancellations or reductions of the AFDC grant. The district court approved the proposed form of notice, which contains the following statements.

### DEDUCTIONS

Your increased earned income from _____ (new net amount after deductions $_____) is being applied to your needs. Your increased earned income (new net amount after deductions—$_____) is being applied to your needs.

### CANCELLATIONS

Because of your increased unearned income from _____ (new amount— $_____) your income now exceeds your income maintenance needs.

Because of your increased earned income (new gross amount before deductions— $_____), your income now exceeds your income maintenance needs.

Nowhere in the notice was a provision made for revealing what deductions were relied upon by the Department in calculating the adjusted net amount. Plaintiffs moved to vacate the order approving the Department's notice. The motion was denied and this appeal followed.

### II

Plaintiffs contend that under certain federal regulations[2] and the Due Process Clause, the above notice is infirm. They further contend that the district court, in approving the notice, disregarded its own memorandum opinion granting plaintiffs summary judgment.

Plaintiffs argue that the notice sent to recipients should include the Department's worksheets which reflect the rebudgeting calculations so that they will be able to readily determine if there was an error in the rebudgeting process.[3] The worksheet used where excess income is earned contains a statement of the recipient's gross monthly earnings and the allowable deductions. The form calls for completing the flat grant amount and any other grants for special needs. It also contains a section for the special needs. On the basis of this information, the caseworker determines the amount of the grant. A second worksheet is used by the Department to calculate the amount of the grant where the excess income is derived from rents received by the recipient. This worksheet contains a statement of allowable deductions, including principal, interest, taxes, water, gas, electricity, and heat, and breaks down the expenses into the recipient-landlord's share and the tenant's share.

The Department maintains that the attachment of the budget sheets to the notice sent to the class is not required either by the regulations at issue or by the Due Proc-

---

2. 45 C.F.R. § 205.10(a)(i)(B) and 45 C.F.R. § 2061.0(a)(ii)(4).

3. The worksheets appear in the appendix of plaintiffs' brief at pp. 25–26.

ess Clause. According to the Department, the form notice which the district court approved is sufficient notice because it contains "a brief statement of reasons" for the proposed reduction or cancellation of welfare benefits.

In the context of public assistance benefits, this court held in *Vargas v. Trainor*, 508 F.2d 485, 489 (7th Cir. 1974), that due process requires notice "stating the reasons for the proposed actions" be given to the recipient before his benefits can be reduced or cancelled. Specifically, we found that a notice which "merely showed the amounts of the components of the recipient's grant, as reduced by the proposed action, and did not state the reasons for that action" failed to meet the requirements of the Due Process Clause. *Id.* at 490. Since the *Vargas* decision, this court has held that the failure of state authorities to provide public assistance recipients with detailed notice, including "a breakdown of income and deductions so that the recipients could determine the accuracy of the computations" may be a denial of due process. *Banks v. Trainor*, 525 F.2d 837, 842 (7th Cir. 1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976). On the basis of *Vargas* and *Banks*, the notice approved by the district court is insufficient. Though it states the ultimate reason for the reduction or cancellation of benefits, the notice fails to provide the recipient with a breakdown of income and allowable deductions. It is readily apparent from this notice that, without these calculations, plaintiffs have little protection against errors committed by the Department in determining the amount of their grants. As the court recognized in *Vargas*:

> Unless the welfare recipients are told why their benefits are being reduced or terminated, many of the mistakes that will inevitably be made will stand uncorrected, and many recipients will be unjustly deprived of the means to obtain the necessities of life.

*Vargas, supra*, 508 F.2d at 490.

Finally, we believe that the risk of erroneous calculations by the Department far outweighs the increased burden on the administration which, the Department contends, will occur if the budgeting calculations are included in the notice sent to plaintiffs. Due Process can be satisfied by simply photocopying the work papers and enclosing them with the notice approved by the district court. The expense involved in fulfilling plaintiffs' request, moreover, is trivial.

The judgment of the district court is reversed.