Nadene GARRETT, et al.,
Plaintiffs-Appellants,

v.

Sammie Lynn PUETT, Commissioner of the Tennessee Department of Human Services, et al., Defendants-Appellees.

No. 82–5214.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 3, 1983.

Decided June 2, 1983.

Brian Paddock (argued), Rural Legal Services of Tenn., Cookeville, Tenn., for plaintiffs-appellants.

William M. Leech, Jr., Atty. Gen. of Tenn., Jeanne Crowley Casstevens, Michael E. Terry, Michael Pearigen, Asst. Attys. Gen. (argued), Nashville, Tenn., for defendants-appellees.

Before MARTIN and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellants in this class action challenge the adequacy of notices sent by the Tennessee Department of Human Services to recipients of Aid to Families with Dependent Children (AFDC) benefits, informing them of a reduction or termination of benefits. Chief District Judge L. Clure Morton held that the notices were adequate and granted defendants' motion for summary judgment. 557 F.Supp. 9 (M.D.Tenn.1982). We affirm.

The reductions and terminations of AFDC benefits referred to in this case were mandated by the enactment of the Omnibus Budget Reconciliation Act of 1981, Pub.L. 97–35, 95 Stat. 357 (amending 42 U.S.C. § 602(a) and (d), which became effective on October 1, 1981). The Act required the utilization of new information to determine a recipient's grant amount, and, therefore, necessitated a reevaluation of each recipient's file. In Tennessee, the task of reevaluation fell under the direction of Mrs. Sammie Lynn Puett, State Commissioner of the Department of Human Services. The process was carried out by sending questionnaires to all AFDC recipients and then using the information obtained to calculate any appropriate reductions in benefits. In September 1981, notices of changes in benefits entitlement were mailed by the Department to all recipients affected.

Plaintiffs Nadene Garrett and Wanda Drake are and have been recipients of AFDC benefits pursuant to 42 U.S.C. § 601 et seq. On September 30, 1981, they filed the present action on behalf of themselves, their minor children and all others similarly situated against Commissioner Puett and the Tennessee Department of Human Services, complaining that their benefits had been reduced or terminated without adequate notice. The district court certified these plaintiffs as representatives of a class of approximately 12,000 families whose AFDC benefits were terminated or reduced. Reference is made to the district court opinion for a recitation of additional pertinent facts. 557 F.Supp. at 10.

The plaintiffs appeal from the order of the district court, dated March 5, 1982, granting the defendants' motion for summary judgment. The sole question presented on appeal is whether the notices sent to plaintiffs and the members of their class by the Tennessee Department of Human Services were adequate under due process standards and the requirements of 45 C.F.R. § 205.10(a)(4)(i)(B) (promulgated under 42 U.S.C. § 602(a)). Appellants assert that the notices were defective because they did not include the mathematical calculations used by the Department in arriving at the amount of AFDC benefits allowed for the recipients.

The record shows that the notices contained the following information: (1) A detailed statement of the intended action, either the reduction or termination of the grant, and the amount of aid approved (when reduced but not terminated); (2) the reason for the change in status of the grant; (3) citation to the specific statutory section requiring reduction or termination; and (4) specific notice of the recipient's right to appeal. We agree with the district court that these notices satisfy due process and statutory requirements. *See Benton v. Rhodes,* 586 F.2d 1, 2–3 (6th Cir.1978), *cert. denied sub. nom., Wisebaker v. Rhodes,* 440 U.S. 973, 99 S.Ct. 1539, 59 L.Ed.2d 791 (1979); *Palmer v. Columbia Gas of Ohio, Inc.,* 479 F.2d 153, 166–67 (6th Cir.1973); *Biggs v. C.I.R.,* 440 F.2d 1, 3 (6th Cir.1971); *see also Turner v. Walsh,* 435 F.Supp. 707, 713 (W.D.Mo.1977), *aff'd,* 574 F.2d 456 (8th Cir.1978); *Daniel v. Rappeport,* LR–C–81–687 (E.D.Ark., Nov. 9, 1981). *Compare Hurley v. Secretary,* 676 F.2d 1095 (6th Cir.1982).

For the reasons stated by the district court, this court respectfully declines to fol-

low the decisions of the Seventh Circuit in *Dilda v. Quern,* 612 F.2d 1055 (7th Cir.), *cert. denied sub nom., Miller v. Dilda,* 447 U.S. 935, 100 S.Ct. 3039, 65 L.Ed.2d 1130 (1980); *Banks v. Trainor,* 525 F.2d 837 (7th Cir.1975), *cert. denied,* 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976); and *Vargas v. Trainor,* 508 F.2d 485 (7th Cir.1974), *cert. denied,* 420 U.S. 1008, 95 S.Ct. 1454, 43 L.Ed.2d 767 (1975).

Affirmed. No costs are taxed. The parties will bear their own costs on this appeal.