**Mary D. WILSON, et al., Plaintiffs,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, et al., Defendants.**

**Civ. A. No. 81–2222.**

United States District Court, District of Columbia.

Feb. 24, 1984.

Louise M. Tarantino, Clay G. Guthridge, Neighborhood Legal Services, Washington, D.C., for plaintiffs.

Robert C. Seldon, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court on defendants' "Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment", plaintiffs' renewed motion for class certification,[1] and plaintiffs' motion for summary judgment.

1. The Court earlier denied plaintiff Wilson's original motion for class certification without prejudice to renew after defendants responded to interrogatories regarding the District of Columbia class. *See Order,* Nov. 1, 1982. By that *Order* the Court also granted the motion of Schnetia E. Green to intervene as a party-plaintiff.

2. Under the *per capita* method the AFDC grant is divided by the number of individuals in the assistance unit to determine the amount of the grant attributable to any one person, and this amount is treated as the SSI recipient's share.

3. Since this lawsuit was filed, the Social Security Administration has changed its policy concerning the allocation of AFDC benefits received by an individual while his application for SSI benefits was pending. SSA now uses the "incremental method" of allocation for claims filed June 1, 1982 and thereafter.

Plaintiffs challenge defendants' use of the *per capita*[2] method to compute the portion of an AFDC (Aid to Families with Dependent Children) grant attributable to a District of Columbia SSI (Supplemental Social Security Income) recipient when calculating a retroactive SSI benefit payment for claims filed prior to June 1, 1982.[3] Plaintiffs assert that use of this method for those claims, rather than the incremental method, violates 402(a)(24) of the Social Security Act, 42 U.S.C. § 602(a)(24) (1976),[4] and denies them and the members of the proposed class equal protection of the law under the Fifth Amendment to the United States Constitution. Additionally, they claim that the notice used by the Social Security Administration (SSA) to advise SSI recipients of the award of retroactive benefits violates the due process clause of the Fifth Amendment.

*Defendants' Supplemental Motion to Dismiss, or in the Alternative, for Summary Judgment*

■ Following the Court's *Order* of November 1, 1982, the parties advised that plaintiff Wilson has been awarded all of the benefits to which she is entitled. Defendants argue that plaintiff Wilson's claims are moot and that, accordingly, this entire action should now be dismissed. Defendants seem to ignore, however, that

The incremental method attributes income to an individual by subtracting the amount of the AFDC grant after the individual leaves the assistance unit from the amount of the grant when the individual was part of the unit. Affidavit of Harris Factor, Nov. 19, 1982, in support of defendants' supplemental motion to dismiss or, in the alternative, for summary judgment.

4. 42 U.S.C. § 602(a)(24) (1976) provides:
"A State plan for aid and services to needy families with children must provide benefits under Title XVI, then, for the period for which benefits are received, such individual shall not be regarded as a member of a family for purposes of determining the amount of the benefits of the family under this title and his income and resources shall not be counted as income and resources of a family under this title."

plaintiff Wilson continues to dispute the constitutional adequacy of the SSI Notice of Decision and that plaintiff Green was awarded retroactive SSI benefits calculated using the *per capita* method to compute the portion of the AFDC grant attributable to her, the legality of which is still in issue for claims filed prior to June 1, 1982. Moreover, although plaintiff Wilson's claim concerning the method by which her benefits were calculated no longer presents a live controversy for Art. III purposes, her claim that she is entitled to represent a class is still viable and supplies her "personal stake" in the litigation. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 402, 100 S.Ct. 1202, 1211, 63 L.Ed.2d 479 (1980).[5] *See also Gerstein v. Pugh*, 420 U.S. 103, 110–11 n. 11, 95 S.Ct. 854, 861–62 n. 11, 43 L.Ed.2d 54 (1975); *Sosna v. Iowa*, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559 n. 11, 42 L.Ed.2d 532 (1975).

This precise issue has arisen in cases presenting claims similar to plaintiffs' in the instant case. *E.g., Jones v. Califano*, 576 F.2d 12, 22 (2d Cir.1978) (agency's grant of relief to named plaintiffs did not preclude certification of proposed class); *Fitzgerald v. Schweiker*, 538 F.Supp. 992, 1000 (D.Md.1982) (permitting intervention of new named plaintiff prior to class certification where named plaintiff's claim had become moot).

Having determined that this action is not moot and that defendants' supplemental motion to dismiss, therefore, should be denied, the focus of examination must shift to the question of whether the requirements of Rule 23 have been met.

### Class Certification

■ Plaintiffs seek an order certifying this case as a class action under Fed.R. Civ.P. 23(a) and (b)(2), and designating them class representatives, for the following class:

> All District of Columbia residents who have been granted Supplemental Security Income (SSI) benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*) who received a grant under the Aid to Families with Dependent Children (AFDC) program (42 U.S.C. § 601 *et seq.*) during the time period while their SSI claims were being determined, and who received or will receive retroactive SSI benefits calculated by subtracting a portion of the AFDC grant computed by use of the *per capita* method to be attributed to the SSI recipient from the SSI payment level.

Defendants oppose class certification on three grounds. First, they argue that the proposed class includes individuals who have not presented claims to the Secretary contesting the calculation of retroactive benefits and thus do not meet the requirements of 42 U.S.C. § 405(g) (Supp.V 1981). They characterize that same basic argument, alternatively, as the failure of some class members to exhaust their administrative remedies. These identical contentions were rejected in *Fitzgerald v. Schweiker*, 538 F.Supp. 992 (D.Md.1982) (which defendants make no attempt to distinguish), where plaintiffs successfully maintained a class action challenging the defendants' use of the *per capita* method to calculate retroactive SSI benefits paid to recipients who received AFDC under the Maryland AFDC program while their SSI applications were pending.

In *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976) the Supreme Court held that the requirement of Section 405(g)[6] that there be a final decision by the Secretary after a hear-

---

**5.** *See generally* Greenstein, Bridging the Mootness Gap in Federal Court Class Actions, 35 Stan.L.Rev. 897 (1983) (arguing that the injury needed to satisfy the case-or-controversy requirement of Art. III is supplied by the class allegations themselves and that the question of a named plaintiff's standing to present the claims of the class raises purely prudential concerns, which are addressed by Fed.R.Civ.P. 23).

**6.** 42 U.S.C. § 405(g) (Supp. V 1981) states in relevant part that:

"Any individual, after any final decision made after a hearing to which he was a party ... may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision ...."

ing consists of one nonwaivable element and one waivable element. The nonwaivable element is that a claimant must have presented a claim for benefits to the Secretary. The waivable element is the requirement that a claimant exhaust his or her administrative remedies. By definition all members of the proposed class have satisfied the nonwaivable requirement because they have been granted SSI benefits. The *Fitzgerald* court reasoned persuasively that reading Section 405(g) to mandate an administrative appeal on the issue of the method of computation "would nullify the distinction drawn in *Eldridge* between the non-waivable jurisdictional requirement of filing a claim and the waivable jurisdictional requirement of exhaustion, because no claimant would have 'filed' a claim with the Secretary until he appealed the initial decision on his benefits." *Fitzgerald v. Schweiker*, 538 F.Supp. at 1000.

Both named plaintiffs have exhausted their administrative remedies. Plaintiff Green has received a final decision on her benefits, which were calculated by use of the *per capita* method. While quite possibly some members of the proposed class did not appeal the initial decision, balancing all relevant considerations, the Court finds it appropriate to waive the exhaustion requirement for those individuals.

For claims filed prior to June 1, 1982, the Secretary's formal policy in the District of Columbia, the legality of which defendants maintain still, is to use the *per capita* method in the initial computation of the portion of an AFDC grant attributable to an SSI recipient. Nonetheless, the Social Security Appeals Council and numerous administrative law judges have consistently ruled that application of the *per capita* method to determine the amount of AFDC benefits attributable to an SSI recipient for a retroactive period is illegal if a state computes its AFDC benefits by an incremental method. *See* Exhs. A–G in support of plaintiff Wilson's opposition to defendants' first motion to dismiss, Dec. 14, 1981. Applying the exhaustion doctrine, given this impasse at the agency, would preclude judicial review for any claimants who failed

to contest use of the *per capita* method and would serve no useful purpose. *Jones v. Califano*, 576 F.2d at 19; *Fitzgerald v. Schweiker*, 538 F.Supp. at 998–99. *See also Kuehner v. Schweiker*, 717 F.2d 813, 817–18 (3rd Cir.1983) (exhaustion unnecessary to challenge policies representing fixed positions of the SSA). This observation of the Court in *Fitzgerald* is equally apt in the instant case:

> It is a serious imposition to force [claimants] to appeal to an ALJ or the Appeals Council in order to obtain their benefits, because benefits delayed are benefits denied. Moreover, some claimants presumably do not have the knowledge or energy to appeal a decision which grants them benefits and therefore appears to be favorable. The system of forcing claimants to appeal in order to obtain the proper amount of benefits thus denies some claimants the increased benefits altogether. Both classes of claimants, those subject to delay and those who fail to appeal, have a significant interest in prompt resolution of the class claim that the Secretary's method of computation is improper.

538 F.Supp. at 998.

Second, defendants argue that plaintiffs have failed to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1). Since this Court's denial of the original motion for class certification plaintiffs have completed discovery concerning the size of the proposed class. The Secretary has objected to performing a search to identify those SSI recipients who have received "income based on need" and the source of such income, on the ground of burdensomeness. Plaintiffs infer, however, from the Secretary's estimation that in March, 1979, 800 SSI recipients lived in the same household with AFDC recipients, that the proposed class contains at least 800 members. Plaintiffs have in good faith attempted to ascertain the class size. They need not allege the exact number of class members to establish numerosity. *See* 3B Moore's Federal Practice ¶ 23.05[3] (2nd ed. 1982);

*Fitzgerald v. Schweiker,* 538 F.Supp. at 1000.

Finally, defendants argue that plaintiffs have failed to demonstrate a need to proceed on a class basis because any equitable relief granted would inure to the benefit of class members in any event. Plaintiffs rely upon subsection (b)(2) of Rule 23, which sanctions the maintenance of an action as a class action where

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Public law litigation in the area of welfare administration has often proceeded by class action under subsection (b)(2). *See, e.g., Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333 (3rd Cir.1977). *See also* 3B Moore's Federal Practice ¶ 23.40[2] (2nd ed. 1982). Indeed, the class action is a particularly useful device for the instant case because the inconsistencies at the administrative level, and the apparent SSA policy of disregarding adverse court decisions below the level of the Supreme Court, render defendants' premise uncertain at best. *See* Exh. A in support of plaintiffs' reply to defendants' opposition to plaintiffs' original motion for class certification.

The remaining prerequisites of Rule 23 having also been met, plaintiffs' motion for class certification shall be granted and Mary D. Wilson and Schnetia E. Green shall be designated class representatives.

### Summary Judgment

■ Subchapter XVI of the Social Security Act authorizes SSI benefits to needy persons who are also aged, blind, or disabled. 42 U.S.C. § 1381 *et seq.* (1976 and Supp. V 1981). Eligible claimants are entitled to retroactive benefits for the period between application and determination of eligibility, 42 U.S.C. § 1382(c)(2) (Supp. V 1981). However, since SSI is a needs-based program, any earned or unearned income a claimant received during that retroactive period, including an AFDC payment, is excluded in calculating the amount of retroactive benefits. 42 U.S.C. § 1382(b) (1976).

The District of Columbia AFDC program is an "incremental" program; that is, when an individual is added to or subtracted from the assistance unit, the benefit amount increases or decreases by less than a *per capita* amount. *See* District of Columbia Department of Human Services, Public and Medical Assistance Handbook at § 742.18 (attached as Exh. A to Amended Complaints), which states the amount of the AFDC grant for families of specified numbers of persons.

Title IV of the Social Security Act requires that the states disregard SSI recipients as household members for purposes of AFDC eligibility. 42 U.S.C. § 602(a)(24)(1976).[7] As a result, when an SSI recipient begins to receive SSI benefits, the AFDC grant for the rest of the family unit is reduced by the incremental amount attributable to the SSI recipient.

For claims filed prior to June 1, 1982, defendants use the *per capita* method to compute the portion of an AFDC grant attributable to a District of Columbia SSI recipient when calculating retroactive SSI benefits. Social Security Claims Manual Regional Supplement, R 12340.2 (1979).[8] This practice of dividing the total AFDC grant by the number of persons in the assistance unit and attributing that *per capita* portion as income to the SSI recipient results in a reduced retroactive benefit payment. In the District of Columbia,

---

**7.** *See* n. 4 *supra,* at 1388.

**8.** The supplement provides:
"We have determined that in all jurisdictions within our Region [Region III, including Washington, D.C.] the agency administering the AFDC program cannot provide the designated share of an AFDC grant attributable to a given individual. Therefore, in all cases the per capita method described in CM 12340.1 will be used to determine the claimant's AFDC payment and the amount of income used for the SSI determination."

which calculates AFDC payments on an incremental basis, the amount of the AFDC grant actually attributable to the SSI recipient is the difference between the AFDC payments made to the family unit when that individual is included and the payment made when he or she is not included. This amount is readily determinable from the Standards for Requirements set out in the D.C. Public and Medical Assistance Handbook.

Defendants argue that because the District of Columbia merely provided a list of AFDC benefit amounts payable to various households, an individual's allocated share could not be determined. Thus, retroactive SSI benefits in the District of Columbia for claims filed prior to June 1, 1982 are computed on the assumption that all members share equally in the AFDC grant. However, defendants' reliance on the broad discretion of a state to allocate its AFDC resources, *Dandridge v. Williams*, 397 U.S. 471, 478, 90 S.Ct. 1153, 1158, 25 L.Ed.2d 491 (1970), is misplaced in this case. The District of Columbia clearly calculates AFDC benefits on an incremental, rather than a *per capita* basis, a fact contained in the District of Columbia AFDC plan approved by the Secretary of HHS pursuant to 42 U.S.C. § 401.

This case is virtually indistinguishable on its merits from *Jones v. Califano*, 576 F.2d 12 (2d Cir.1978), and *Fitzgerald v. Schweiker*, 538 F.Supp. 992 (D.Md.1982). As the court explained in *Fitzgerald*, the purpose of § 602(a)(24) is to eliminate the overlap between an individual's SSI benefits and the portion of AFDC benefits attributable to that individual. Reducing an individual's retroactive SSI payments by

the increment of AFDC benefits attributable to him or her sufficiently and accurately corrects for that potential overlap.

Moreover, since the use of the per capita method produces smaller total benefits (AFDC and SSI combined) for the retroactive period than for the prospective period, that system penalizes SSI recipients solely because of the Secretary's delay in processing SSI applications. That purpose bears no relation to the purpose of the statute, and the statute should be interpreted to avoid such an irrational result.

*Id.* at 1002 (footnote omitted).

For the foregoing reasons, in accordance with 42 U.S.C. § 602(a)(24), defendants must compute the portion of an AFDC grant attributable to an SSI recipient by the incremental method in calculating an award of retroactive SSI benefits for claims filed prior to June 1, 1982. Because the issue can be decided on statutory grounds the Court need not address plaintiffs' claim that the Secretary's policy violates plaintiffs' equal protection rights.

■ Plaintiffs have also challenged the adequacy of the SSI Notice of Decision.[9] They claim that calculation of a retroactive SSI benefit payment involves a reduction in benefit levels which triggers a due process obligation in defendants to provide a breakdown of income attributed to the recipient during the retroactive period. Citing various examples of cases in which notices were found to be inadequate,[10] plaintiffs conclude that the notice must state at a minimum: (a) whether or not the SSI benefit level has been reduced by earned or unearned income; and (b) if reduced, (1) the amount of the reduction, (2) the source of

---

9. As a preliminary matter, defendants assert that plaintiff Wilson pursued the available administrative appeal procedures and was in no way prejudiced from the alleged inadequacy of the notice. However, both named plaintiffs proceeded only on advice of counsel. The issue is not whether the notice adequately advises counsel of possible grounds for appeal, but whether it adequately advises the party. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

10. *E.g., Elliott v. Weinberger*, 564 F.2d 1219 (9th Cir.1977), (*aff'd in part and rev'd in part Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)); *Gray Panthers v. Schweiker*, 652 F.2d 146 (D.C.Cir.1981); *Devine v. Cleland*, 616 F.2d 1080 (9th Cir.1980); *Dilda v. Quern*, 612 F.2d 1055 (7th Cir.), *cert. denied sub nom., Miller v. Dilda*, 447 U.S. 935, 100 S.Ct. 3039, 65 L.Ed.2d 1130 (1980); *Vargas v. Trainor*, 508 F.2d 485 (7th Cir.1974), *cert. denied*, 420 U.S. 1008, 95 S.Ct. 1454, 43 L.Ed.2d 767 (1975).

the alleged income, (3) how the amount of the reduction was calculated, and (4) the method used to compute the portion of a joint grant (such as AFDC) attributable to the SSI recipient. Without this information SSI recipients cannot meaningfully decide whether or not to appeal.

The notice at issue here, however, as defendants point out, merely informs individuals not previously eligible for or receiving benefits of the agency's computation of their retroactive SSI award. As such, the decisions cited by plaintiffs concerning notices of a reduction in benefits are inapposite. *See, e.g.,* Supplemental Security Income Notice of Decision, Exh. B to Amended Complaint in Intervention.

The SSI Notice of Decision contains: (1) the amount of the grant and the period for which it is effective; (2) the reasons for the determination; (3) an invitation to contact Social Security about the accuracy of the decision or to ask questions or for more information; and (4) a statement of the right to appeal and an explanation of the methods of reconsideration. Although a more detailed notice might lessen the risk of an erroneous deprivation of benefits in some cases,[11] the opportunity to inquire about the method of computation, or indeed, about any other matter regarding the notice, certainly offsets any prejudice to a recipient from the lack of detail.[12] Neither the dictates of due process nor defendants' own regulations require this type of notice to include the mathematical calculations used to arrive at the amount of benefits. *See Garrett v. Puett,* 707 F.2d 930, 931 (6th Cir.1983); 20 C.F.R. § 416.1404 (1983). *Cf. Dilda v. Quern,* 612 F.2d 1055, 1057 (7th Cir.), *cert. denied sub nom. Miller v. Dil-*

da, 447 U.S. 935, 100 S.Ct. 3039, 65 L.Ed.2d 1130 (1980) (notice of reduction or cancellation of benefits must provide breakdown of income and allowable deductions). To be constitutionally adequate "notice must be reasonably calculated to apprise the claimants of the action taken and afford them an opportunity to present their objections." *Adams v. Harris,* 643 F.2d 995, 998 (4th Cir.1981). *See Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 14, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30 (1978); *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *see also LeBeau v. Spirito,* 703 F.2d 639, 644 (1st Cir.1983). The SSI Notice of Decision meets this standard.

In view of the foregoing, it is by the Court this *24th* day of February, 1984

ORDERED that defendants' Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment, shall be and the same hereby is denied; and it is further

ORDERED that plaintiffs' motion for class certification shall be and the same hereby is granted, Fed.R.Civ.P. 23(a), (b)(2); and it is further

ORDERED that plaintiffs Mary D. Wilson and Schnetia E. Green be named class representatives; and it is further

ORDERED that plaintiffs' motion for summary judgment shall be and the same hereby is granted to the extent provided by this Memorandum Opinion; and it is further

ORDERED that defendants shall be and they hereby are enjoined from using the *per capita* method and shall use the incremental method to compute the portion of

11. "In evaluating the procedures in any case [for compliance with due process], the courts must consider the interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures." *Landon v. Plasencia,* 459 U.S. 21, 103 S.Ct. 321, 330, 74 L.Ed.2d 21 (1982) (citing *Mathews v. Eldridge,* 424 U.S. 319, 334–335, 96 S.Ct. 893, 902–903, 47 L.Ed.2d 18 (1976)).

12. Plaintiffs claim there is a great risk of erroneous deprivation of benefits because defendants use an illegal method to compute the portion of an AFDC grant attributable to an SSI recipient. However, defendants no longer use the illegal method for claims filed after June 1, 1982 and cannot, as a result of the Court's ruling today, use the illegal method for claims filed before or on that date. These circumstances diminish the risk of erroneous deprivation even further.

an AFDC grant attributable to an SSI recipient in the District of Columbia when calculating an award of retroactive SSI benefits for claims filed prior to June 1, 1982; and it is further

ORDERED that, within one hundred twenty (120) days from this date, defendants shall identify all class members, calculate the amount by which each class member was underpaid by use of the *per capita* method and pay to each class member the amount underpaid.