DECISION
This is an administrative appeal from the April 5, 2001 decision of the Rhode Island Department of Human Services ("DHS"), which denied Leonardo Dominguez ("Appellant") his application for general public assistance ("GPA") provided for in Chapter 6 of Title 40. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts and Travel of the Case
The Appellant suffers from a condition known as "left foot tarsal tunnel syndrome." Prior to the GPA application in issue, the Appellant applied for and received GPA based upon his need to recuperate from surgery on his left foot. After a year of receiving GPA, the Appellant timely re-applied to DHS for a continuation of his benefits as required by § 40-6-3.1(4). The Appellant alleges he is deserving of GPA because his medical condition still prevents him from working on either a full or part-time basis.
Section 40-6-3.1(b)(2) provides that an applicant, in addition to other eligibility factors, must have ". . . an illness, injury or medical condition as determined by physical examination by a licensed physician, that is reasonably expected to last for . . . at least thirty days . . . and which precludes the individual from working." (Emphasis added.) The DHS Manual adds that full and part-time work must be precluded. DHS Manual § 0608.10.05.
On March 13, 2001, the DHS denied the Appellant's re-application for GPA in its "Letter of Denial," stating:
 "We have reviewed your application for
 GENERAL PUBLIC ASSISTANCE . . . and find you are not eligible for assistance at this time
 for the reason explained below: * * *
Other: Explanation: you do not meet the disability requirements for GPA medical
This action has been taken in accordance with policy contained in the DHS Manual:
 Section: 0606. Title: Decision on Application
 If you have any questions concerning the information in this letter, please contact me." (Emphasis added.)
(The italicized portions above depict the handwritten items in the quoted Letter of Denial.) Absent these handwritten portions, the denial letter consists of boilerplate language that remains unchanged from applicant to applicant. After receipt of the letter, the Appellant requested an appeals hearing with DHS, which was held on March 27, 2001. In his April 5, 2001 decision, the appeals officer upheld the DHS denial of GPA.
The instant appeal followed.
The Appellant argues that the DHS's Letter of Denial did not provide him adequate notice of the termination of his GPA, and that the DHS regulations fail to delineate standards indicating how an applicant is deemed unable to work. According to the Appellant, the lack of specificity in the notice and the regulations violates his due process rights. See, Goldberg v. Kelly, 397 U.S. 254, 267 (1970); Avanzo v. Fallon, 625 A.2d 208, 211 (R.I. 1993); Carey v. Quern, 588 F.2d 230, 232 (7th Cir. 1978); Baker-Chaput v. Cammett, 406 F. Supp. 1134, 1139 (D.N.H. 1976); and Correia v. Mass. Dept. of Public Welfare, C.A. No. 92-2468B, slip op. (Suffolk Cty. Superior Ct., Mass. 8/17/92 (granting preliminary injunction), aff'd on other grounds, 605 N.E.2d 1233,414 Mass. 157 (1993). Additionally, the Appellant argues, the appeals officer abused his discretion at the hearing by failing to allow the Appellant additional time to get further documentation of his medical condition, despite the hearing officer's duty to "develop the record" pursuant to DHS Manual § 110.50. Furthermore, Appellant contends, the appeals officer failed to make legitimate findings of fact and based his decision instead on findings that were conclusory, inadequate, and unsupported by the record. Based on the foregoing, the Appellant argues, a reversal or remand by this Court of the April 5, 2001 decision of the appeals officer is warranted.
 Standard of Review
The Court's review of a decision of the DHS is controlled by §42-35-15(g), which provides for review of a contested agency decision:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 1) In violation of constitutional or statutory provisions;
 2) In excess of the statutory authority of the agency;
 3) Made upon unlawful procedure;
 4) Affected by other error of law;
 5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307 (R.I. 1988).
Therefore, this Court's review is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard v. R.I. Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting, Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. R.I. Public Telecommunications Authority v. R.I. Labor Relations Board, 650 A.2d 479, 485 (R.I. 1994).
 Due Process
This is not the first time a DHS Letter of Denial has been contested on due process grounds. Whether the letter, consisting largely of boilerplate language and operating to deny an applicant GPA, comports with the due process clauses of the United States and Rhode Island Constitutions was an issue previously decided by the Superior Court in Flynn v. RI Department of Human Services, Claire Leighton v. RI Department of Human Services, 1995 WL 941389 (R.I. Super. 1995)).
In Flynn, Justice Fortunato reversed the denial of GPA on the grounds that the form letter DHS used in denying the applications for GPA lacked the adequacy and individuality necessary to afford applicants a "meaningful" opportunity to be heard. Justice Fortunato explained that
 "the seminal case of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), . . . taught [us] that `the fundamental requisite of due process of law is the opportunity to be heard.' Goldberg draws for its teaching of this basic tenet of American jurisprudence . . . that a hearing must be `at a meaningful time and in a meaningful manner.' It is elementary that for the opportunity to be heard to be meaningful, one should be forewarned as to the subject matter of the hearing with sufficient detail regarding official concerns so that an intelligent explanation or rebuttal can be formulated. If the hearing is to be meaningful, the applicants for welfare assistance are entitled to an `adequate notice detailing the reasons for a proposed termination' of their GPA benefits." Flynn at 4.
The Superior Court stated that "[o]nce an Agency Official determined that there was no evidence to support her claim of eligibility for GPA benefits, a specific and detailed declaration should have been provided [the applicant] so that she could meet the Agency's position with information of her own at a `meaningful' hearing." Id. at 6. A "form" Letter of Denial which neglected to fill in the reason for the termination of GPA and instead was left blank, as well as a "form" Letter of Denial that explained the reason for termination with mere tautology (i.e. "no evidence of total or permanent incapacity,") was found not to comport with due process. The use of tautology, the Court stated, was of no use to the applicant or anyone seeking to assist the applicant in preparing for the hearing. The Court held that due process requires that the DHS adequately inform the applicants how their specific medical conditions and/or records regarding these conditions do not meet the eligibility requirements of the DHS so as to avoid putting the applicants at a distinct disadvantage in advancing their claims at the hearings.
In the present action, the DHS utilized the same boilerplate Letter of Denial as in Flynn. Here though, instead of the tautology, "no evidence of total or permanent incapacity," the DHS representative handwrote, "you do not meet the disability requirements for GPA medical" in the space requiring an explanation for the denial. This "explanation" enunciates nothing. As in Flynn, it does not adequately inform the Appellant how his medical condition and/or records regarding his condition fail to meet the eligibility requirements for GPA. The letter's reference to Regulation 606 of the DHS Manual does not remedy the insufficient explanation. First, DHS referenced the Appellant to the wrong regulation. Regulation 608, and not the stated 606, sets forth the eligibility requirements for GPA. Secondly, as stated below, a mere citation as to the standards without any reference as to how the standards relate to an applicant's specific medical condition does little to buttress the inadequate explanation.
 "The fact that in each of these cases the Agency utilized its form to invite the applicants to examine specific provisions of the Department manual at the Department office does not in any way overcome the inadequacy of the `reasons' given nor can the manual provisions by and of themselves in any way constitute adequate notice. There are two reasons for this. First, the notice must advise the recipients of `the manner in which they failed to meet [the Department's] standards,' and a mere citation to the standards without any reference as to how the standards relate to an applicant's specific medical condition does not do this. Second, due process requires that the entire Notice be contained within the document purporting to contain it without some additional and supplementary act required on the part of the recipient to locate the regulations and then apply them to her own case. As the Federal Court has written, `the burden of providing adequate notice rests with the State, and it cannot shift that burden to the individual by providing inadequate notice and inviting the claimant' to come to the Department offices to read the regulations." Id. at 6-7, (citing, Avanzo v. R.I. Department of Human Services, 625 A.2d. at 211 and Ortiz v. Eichler, 616 F. Supp. 1046, 1062 (D.Del. 1985)).
The Rhode Island Supreme Court has held that "notices containing only general conclusory language without specific relevance to the recipients' individual cases [will] not suffice." Avanzo v. R.I. Department of Human Services, 625 A.2d 208, 211 (R.I. 1993), citing, Dilda v. Quern,612 F.2d 1055 (7th Cir. 1980), cert. denied, 447 U.S. 935, 100 S.Ct. 3039, 65 L.Ed.2d 1130 (1980); Ortiz v. Eichler, 616 F. Supp. 1046
(D.Del. 1985), aff'd, 794 F.2d 889 (3rd Cir. 1986). In this regard, the Supreme Court stated:
 "The lack of individualized notice rendered hearings on the part of the recipients who requested hearings less than meaningful since they were not notified of the change of incapacity standards or the manner in which they failed to meet such standards. Thus the GPA recipients whose benefits were terminated pursuant to policy memorandum No. 92-13 were unaware of the change of standards and most particularly were unaware of the manner in which they failed to meet such standards of incapacity and were therefore deprived of a meaningful opportunity to be heard prior to the termination of their benefits." Id.
The DHS, in its Memorandum, argues that the facts in Avanzo are distinguishable from the case at bar. Albeit, the facts in Avanzo were more egregious than the facts in Flynn or the facts of the present action. In Avanzo, the DHS failed to notify the applicants of the change of incapacity standards in addition to failing to enunciate the manner in which they failed to meet such standards. However, the language used by the Supreme Court indicates that it found the latter of the two factors as persuasive if not more so than the first factor, in determining that the applicants were deprived of a meaningful opportunity to be heard prior to the termination of their benefits. ("[T]he GPA recipients . . . most particularly were unaware of the manner in which they failed to meet the standards . . .") As did the Court in Flynn, therefore, this Court finds Avanzo applicable to the notice issue presented in the current action.
Accordingly, this Court holds that the Appellant was denied his due process when he received notice of the termination of this GPA, which failed to adequately inform him how his specific medical condition and/or records regarding these conditions did not meet the eligibility requirements of the DHS. This Court finds that as a result, the Appellant was deprived of his due process right to a fair hearing.
 The Administrative Procedures Act
In addition to the due process clauses of the United States and Rhode Island Constitutions, the DHS Letter of Denial violates the requirements of its own Administrative Procedures Act ("APA.") The APA, which governs here, provides that notice of a specific nature must be provided. In the present action, Appellant argues, the DHS notice merely states that he did not meet the disability requirements for GPA medical and does not offer any explanation specific to the ineligibility of Appellant's own medical condition.
The APA provides that notice shall include "a short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved and detailed statement shall be furnished." § 42-35-9(b)(4). This chapter also provides that an "[o]pportunity shall be afforded all parties to respond and present evidence and argument on all issues involved." §42-35-9(c). Therefore, it follows that the "detailed statement" must be furnished to the affected party at some time sufficiently prior to the hearing. Again, this "notice must be of such nature as reasonably to convey the required information." Flynn at 6, (quoting, Mullane v. Central Bank Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)). See also, Goldberg, supra. and Avanzo, supra. Given the limited statement provided by the Letter of Denial in the present action, the DHS was required by statute to furnish a more detailed and informative statement to the Appellant regarding his denial prior to the hearing. It did not do so.
The DHS was on notice since the Flynn decision in 1995 (and arguably, the Avanzo decision in 1993) that its boilerplate notice was inadequate to comport with due process and the APA. The DHS's failure to rectify the manner in which it furnishes notice to its applicants regarding the denial of GPA results once again in the reversal of one of its decisions. While the Appellant sets forth compelling arguments with regard to the other issues presented, this Court need not reach them given the defective notice this Court has here found evidenced by the record. Accordingly, the April 5, 2001 decision of the appeals officer must be reversed.
 Conclusion
The DHS, in denying Appellant's application for GPA with notice which fails to meet the requirements of § 42-35-9 of the APA and the due process clauses of the United States and Rhode Island Constitutions, has committed error of law and prejudiced substantial due process rights of the Appellant. Accordingly, the April 5, 2001 decision is hereby reversed.
Counsel shall submit the appropriate order for entry.